April 21, 2022

## Summary of Key Terms of and Conditions for
## DEBTOR-IN-POSSESSION TERM LOAN FACILITY

Blueprint Investment Fund, LLC
c/o: Katharine S. Sender, Esq.
Cohen & Cohen, P.C.
ksender@cohenlawyers.com

### CC: Monica Kirkpatrick

The following summarizes the key terms (the "**Term Sheet**") on which certain investment fund(s) for which Legalist DIP GP, LLC serves as general partner (the "**DIP Lender**") are willing to extend postpetition financing (the "**DIP Loans**") to Blueprint Investment Fund, LLC (the "**Debtor**") in connection with its chapter 11 case pending in the United States Bankruptcy Court for the District of Colorado (the "**Bankruptcy Court**"), in an aggregate amount of $2,500,000 for the 1st phase and in aggregate amount of 5MM (5-1MM draw milestones) for the 2nd phase(the "**DIP Commitment**").

Prior to satisfaction of the Conditions Precedent to funding, this Term Sheet shall be *confidential, non-binding, for discussion purposes only, and not a commitment to lend*.

| Overview | The DIP Loans shall be made available to the Debtor in the aggregate amount of the DIP Commitment for the following uses:<br>1. $17,000,000 retainer to Cohen to be repaid to Joseph Libkey Jr. (Additional left over retainer TBD)<br>2. Refinance/pay down prepetition lender(s), as applicable;<br>3. Operating expenses of the Debtor; and<br>4. Other agreed-on uses. |
|---|---|
| Conditions Precedent to DIP Draw | The DIP Lender will make available DIP Loans in a single draw, provided no event of default shall (x) have occurred and be continuing or (y) be reasonably likely to result therefrom, upon (such date, the "**Effective Date**"):<br>1. The DIP Lender's completion, to its own satisfaction, of any remaining due diligence;<br>2. The Debtor's delivery of a fully executed credit agreement in Approved Form;[1] and<br>3. The Bankruptcy Court's entry of a final financing order approving the DIP Loans and otherwise in Approved Form (the "**DIP Order**"), which remains in full force and effect.<br><br>The Debtor shall file a motion for expedited approval of the DIP Loans no later than three weeks from the execution of this Term Sheet, or an additional one-time "**Reserved Funds Fee**" of 1.00% of the DIP Commitment shall be earned. |
| Interest; Default Interest; Undrawn Line Fee | The outstanding principal amount of the DIP Loans (together with all other due and payable DIP Obligations (defined below)) shall accrue paid-in-kind interest from the Effective Date at the U.S. prime rate (subject to a 4.00% floor) plus 9.5% per year. While an event of default has occurred and is continuing, such amounts shall accrue an additional 4.75% in interest per year. If the DIP Loans are not borrowed in full in a single draw, any undrawn portion of the DIP Commitment shall accrue an "**Undrawn Line Fee**" from the Effective Date at 4.75% per year. All such interest and fees shall accrue and be compounded and capitalized monthly and be due and payable in cash upon the Maturity Date. |
| Other Costs of Borrowing | A onetime "**Commitment Fee**" of 1.8% of the DIP Commitment and "**Underwriting Fee**" of 1.37% of the DIP Commitment shall be fully and irrevocably earned upon the Effective Date. In addition, a "**Monitoring Fee**" of 1.1% of the DIP Commitment per year shall accrue and be compounded and capitalized monthly. All such fees shall be due and payable in cash upon the Maturity Date. |

---

[1] "**Approved Form**" means in form and substance acceptable to (as evidenced by the prior written consent of) the DIP Lender.

| Prepayments | The DIP Loans shall be mandatorily repaid from, and within 10 days of the Debtor's receipt of, proceeds from any sale or other disposition of DIP Collateral; provided that any such disposition shall occur in Approved Form. Any repayment required to be made within 270 days of the Effective Date shall be accompanied by a "**Makewhole Fee**" of 4.75% of the amount required to be repaid. The DIP Loans may be voluntarily repaid prior to the Maturity Date beginning 180 days after the Effective Date; provided that voluntary repayments made within 270 days of the Effective Date shall be subject to a Makewhole Fee. |
|---|---|
| **Maturity Date** | The DIP Loans shall mature, and all unpaid DIP Obligations shall be due and payable, upon the earliest (the "**Maturity Date**") of (i) 547.5 days after the Effective Date, (ii) the Debtor's exit from bankruptcy, and (iii) acceleration of the DIP Loans following an event of default. |
| **Superpriority Claims; DIP Liens; DIP Collateral** | Subject to a customary carveout for estate professional fees and other administrative expenses, all DIP Obligations shall constitute DIP Claims,[2] payable from the DIP Collateral and all other property of the Debtor's estate. The DIP Order shall grant the DIP Lender automatically perfected security interests (collectively, the "**DIP Liens**"), senior to all pre- and postpetition liens, on all present or future estate property (collectively, the "**DIP Collateral**"). |
| **Break-Up Fee** | In the event that, after execution hereof, the transaction described herein should not be timely effected for any reason, the DIP Lender shall immediately (and without any further action or notice) be entitled to a fee of 4.75% of the DIP Commitment (the "**Break-Up Fee**").[3] |
| **DIP Lender Expenses; Other DIP Obligations** | The Debtor shall pay, no later than the Maturity Date, all reasonable costs and expenses of the DIP Lender incurred in connection with the DIP Loans (collectively, the "**DIP Lender Expenses**"). The DIP Lender Expenses, together with all principal of, and interest and fees on, the DIP Loans, together with any other amount owed by the Debtor in connection therewith shall constitute "**DIP Obligations**" secured by the DIP Liens. |
| **Miscellaneous Provisions** | Customary and as reasonably required by the DIP Lender, including:<br>• Debtor's representations, warranties, and covenants (including budget and reporting);<br>• Stay waiver (notwithstanding Bankruptcy Rule 6004);<br>• Indemnity of DIP Lender and its affiliates;<br>• Section 364(e) "good faith" findings in favor of the DIP Lender;<br>• Carveout (2.50% of DIP Loans post-default);<br>• Events of default and DIP Lender's rights and remedies; and<br>• Governing Law (Bankruptcy Code / New York State). |

*Note that this Term Sheet relates solely to a proposed debtor-in-possession financing.*

*The DIP Lender does not offer exit financing or otherwise extend credit to entities outside chapter 11.*

---

[2] "**DIP Claims**" means "superpriority" administrative-expense claims with priority over (i) all other administrative-expense claims, expenses, and costs permitted by, described in, or entitled to priority under the Bankruptcy Code and (ii) all other unsecured claims against the Debtor.

[3] The Debtor acknowledges that the Break-Up Fee is intended to be an actual, necessary cost and/or expense of preserving its estate and, thus, entitled to priority under Bankruptcy Code section 503(b). The Break-Up Fee, together with all costs of collection, shall be due and payable (if applicable) from and after execution of this Term Sheet by the Debtor, irrespective of the occurrence of the Effective Date.

**This Term Sheet shall expire and be without further effect if not signed by both parties by April 22, 2022.**

Accepted and agreed to, as of the first date written above:

| DEBTOR: | DIP LENDER: |
|---|---|
| BLUEPRINT INVESTMENT FUND, LLC | LEGALIST DIP GP, LLC, as General Partner |
| By: *Joseph Libkey Jr.* (DocuSigned, B6E74F99B67F485) <br> Name: Joseph Libkey Jr. <br> Title: Managing Member | By: <br> Name: Christian G.B. Haigh <br> Title: Managing Member |